## JANE L. WHAYNE *v.* N. C. HOWARD & BRO.

**Conversion—Husband and Wife—**

An action for conversion will not lie, by a wife against purchaser of personal property from her husband, where the records show she acquiesced therein in writing, though the instrument was defective.

**Same—Election of Causes.**

Nor, where she afterwards accepted an assignment of the pending suit, brought originally in the name of her husband, can she sue the purchasers, because she had failed to receive from the attorney of her husband, a part of the purchase money paid to him through order of court, on the account.

APPEAL FROM HENDERSON CIRCUIT COURT.

March 5, 1870.

OPINION OF THE COURT BY JUDGE WILLIAMS:

January 7, 1860, N. C. Howard and Brother, received of M.

J. Whayne, appellant's husband, two negro slaves at the price of $2,500 and executed the following receipt: "Received of M. J. Whayne two thousand five hundred dollars in part pay for my livery stable." March 3, 1860, M. J. Whayne brought an equity suit to enforce a parol contract for the lot and livery stable, situate in the city of Henderson, Kentucky, against the Howards, averring that the agreed price was $6,000, and that the remainder was to be paid in one and two years, but if a specific performance of the contract could not be held that then a judgment for the advance payment be granted him.

July 6, 1860, the defendants answered denying the parol contract as set out in the petition, but averred it was not only for the lot and stable but for their stock, carriages, harness and everything pertaining to the livery· stable business, amounting to some $13,600.

They also set out that the slaves were taken in said trade at more than their cash value which did not exceed $2,300, and that Whayne had refused to execute the contract as made and by reason thereof they had been injured $1,000, which they pleaded as a counter claim.

In the meantime, April 3, 1860, Whayne had made and put to record a deed to his wife reciting that by the consent of his wife he had previously sold the two slaves, to the Howards for a livery stable, which trade had not been consummated and that he then had a suit pending against them and that as the slaves were her property he conveyed the said claims and pending suit to her use and benefit to hold in the same way as she held the slaves.

July 9, 1860, the court rendered judgment for $1,300 against the Howards as so much uncontested of the plaintiff's claim.

They subsequently replevied said judgment and November 5, 1860, paid the amount thereof to the attorney who brought and was conducting said suit.

The matter thus rested until January 15, 1864, when Mrs. Jane Whayne filed her petition to become a co-plaintiff predicated on her ownership of the slaves and the deed of her husband transferring said claim on the Howards and the benefit of the pending suit to her, which deed she made an exhibit.

The parol proof shows that by an agreement between Whayne, the Howards and Hutchins, the slaves were sold to the latter at $2,300 and to save writing and bills of sale Whayne and wife,

by bill of sale, conveyed the slaves to Hutchins, she signing it with her own proper hand, thus verifying the recitals of her husband's deed which she had accepted and claimed under.

Failing to get the money so collected from the attorney, she subsequently filed an amended petition going against the Howards for a conversion of her slaves.

But the court on final hearing adjudged to her their proved cash value, $2,300, credited with the amount of the former judgment which the Howards had paid to the attorney, and she now seeks a reversal of this judgment.

Whatever may have been the defective execution of her bill of sale of the slaves to Hutchens because not properly acknowledged and recorded, she can not recover against the Howards as for a conversion.

1. Because, by her own conduct she placed the means in Hutchen's hands to take the slaves out of the State and sell them, knowing when she made the bill of sale that such was his intention.

2. Because, she afterwards accepted the deed of her husband conveying the benefit of the pending suit against the Howards and claiming under it, which recites that the sale of the slaves was made by her consent, and which is also established by the joint proof.

3. Because, after she became entitled to said suit and its proceeds the attorney who had brought it and was conducting it for her husband became her attorney, as the husband was then. in equity, her trustee and the benefits of the suit were hers. not only was her husband but she herself is bound by the payment made to him, the payment being in the husband's life time, he having subsequently died.

The judgment being essentially right, just and equitable it is affirmed.

*Turner for appellant.*
*Vance & Trafton, for appellees.*